UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | CASE NO.   CR06-319JLR |
| v. | |
| KIM ANH T. HOANG, | DETENTION ORDER |
| Defendant. | |

Offense charged:

    Count II:    Conspiracy to Engage in Money Laundering, in violation of Title 18, U.S.C., Section 1956(h).

Date of Detention Hearings:   September 28, 2006 and September 29, 2006.

    The Court, having conducted a contested detention hearing pursuant to Title 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which the defendant can meet will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. The Government was represented by Ye-Ting Woo. The defendant was represented by Stewart Riley.

    The Government moves for detention, asserting that the defendant poses a serious risk of flight given her access to drug proceeds. She has a close relationship to co-defendant and conspiracy leader Quoc Le. The Government cites a number of recorded conversations with co-defendant Quoc Le regarding drug proceeds and the holding of those proceeds. According to the Government's record, this defendant reports no legitimate source of income, yet her assets and possession of cash far exceed Quoc Le's reported income, upon whom she appears to be financially dependent. This is corroborated by the seizure of

$30,000 dollars U.S. currency found in their shared residence. The Government contends that the defendant has recently traveled to Vietnam twice, which heightens concern of flight. Her brother, another co-defendant, Toan Chua Hoang, has already fled to Vietnam after learning of another Vietnamese drug distribution investigation by the DEA. The Government urged that his flight appears to have been for the purpose avoiding prosecution.

      The defendant agues for release, contending that the she is a U.S. Citizen with no criminal record and strong ties to this district, referencing her 7-year-old daughter. The defendant counters that she is employed at a hair salon, and her residence was purchased with a zero-down option, suggesting that illegitimate funds were not used for its purchase. Additionally, the defendant proffers that she traveled to Vietnam twice because of a family medical emergency.

### FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) The instant offense involves the laundering of large sums of cash obtained as drug proceeds from a conspiracy drug distribution of marijuana originating in Canada and smuggled to Washington for transport to other states. The investigation of locations of other large sums of cash is ongoing, with multiple requests for search warrants of other properties.

(2) Given the defendant's close personal relationship to the leader of this distribution organization, the Court has grave concerns that she has access to these drug proceeds from the multi-state drug distribution network, some of whose members are as yet unknown. Her brother having already fled only underscores the Court's concerns. The defendant's recent travel to Vietnam for family matters shows her continued strong overseas ties.

(3) The defendant's part-time employment income is inconsistent with the amount of known assets and funds belonging to the defendant, heightening the Court's concern of continued financial reliance on proceeds from

illegal activity.

(4) Due to the nature and seriousness of the crime alleged, release of the defendant would pose a risk to the community.

Thus, there is no condition or combination of conditions that would reasonably assure future court appearances.

**It is therefore ORDERED:**

(l) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences, or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the correctional facility in which Defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 4th day of October, 2006.

_____
Monica J. Benton
U.S. Magistrate Judge

DETENTION ORDER
PAGE -3-